IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATE FERLIC, as the Personal Representative of the
Wrongful Death Estate of ISAAC BREALEY-ROOD, a
deceased minor; CARISSA BREALEY, individually, and as
the Guardian and Next Friend of K.B.R., a minor; JAMES
ROOD, individually; and AIDAN BREALEY-ROOD,
Individually,

    Plaintiffs,

v.

MESILLA VALLEY REGIONAL DISPATCH AUTHORITY;
DANIEL GUTIERREZ, DAVID WOODWARD, and QUINN
PATTERSON, Individually and as Mesilla Valley Regional
Dispatch officers and employees; DONA ANA COUNTY
BOARD OF COUNTY COMMISSIONERS; ARTURO
HERRERA, individually and as Dona Ana County officer
and employee; ADRIAN HERRERA, individually and as Dona
Ana County officer and employee; NEW MEXICO
DEPARTMENT OF PUBLIC SAFETY; and CITY OF
LAS CRUCES,

    Defendants.

Case No:

## NOTICE OF REMOVAL

Defendant City of Las Cruces (the "City"), by and through counsel MYNATT MARTÍNEZ SPRINGER P.C. (Damian L. Martínez and Haley R. Grant), provides notice of removal of a civil action filed in the First Judicial District Court for the State of New Mexico, Cause No. D-101-CV-2020-02496, and in support of this removal, states as follows:

On May 27, 2022, Plaintiffs Kate Ferlic, Carissa Brealey, James Rood, and Aidan Brealey-Rood filed a civil action for damages against Defendants in the First Judicial District Court for the State of New Mexico alleging that Defendants failed to timely respond to a medical emergency on Baylor Canyon Pass Trail and trailhead. [Doc. 1-3, at pg.77, 83, 84, ¶¶ 27, 80, 85, 91]. On June 9, 2022, Plaintiffs amended their claims in their *First Amended Complaint to Recover Damages*

*for the Loss of Chance of Survival and Wrongful Death of Isaac Brealey-Rood* ("First Amended Complaint") regarding the same incident at Baylor Canyon Pass Trail. [Doc. 1-1]. Baylor Canyon Pass Trail and its trailhead are located within the Organ Mountain Wilderness Area Desert Peaks National Monument just east of the City of Las Cruces, New Mexico.[1] [Doc. 1-1, ¶¶ 27, 80, 85, 91].

Against the City, Plaintiffs bring negligent operation and maintenance of equipment, machinery, and motor vehicle claims in Count VIII [Doc. 1-1, ¶ 217] and negligent hiring, supervision, and training claims in Count IX for failing to use ordinary care in hiring Las Cruces Fire Department ("LCFD") personnel, adopting and enforcing appropriate policies and procedures, and implementing adequate training for LCFD personnel [Doc. 1-1, ¶¶ 221 – 225]. Against all Defendants, Plaintiffs raise negligent and intentional emotional infliction of emotional distress claims in Counts X and XI [Doc. 1-1, ¶¶ 235, 238] and loss of consortium claims in Count XII [Doc. 1-1, ¶¶ 242 – 246] for emotional damages and loss of a relational based upon the circumstances of Decedent's death.

Pursuant to 28 U.S.C. § 1446(b)(1), this *Notice of Removal* is timely because it has been filed within thirty days of receipt of service of process which occurred on July 29, 2022. According to 28 U.S.C. § 1331, federal district courts have original jurisdiction of all civil actions arising under the United States Constitution. Under 28 U.S.C. § 1441(a), a civil action brought in state

---

[1] The United States Bureau of Land Management ("BLM") shows Baylor Canyon Trail and its trailhead as within the boundaries of the Organ Mountains Wilderness Area at https://www.blm.gov/visit/organ-mountains-wilderness. The BLM map at chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.blm.gov/sites/blm.gov/files/OrganMountainsWilderness_2019.pdf also clearly shows that the incident area was on BLM land and/or within the Organ Mountains Wilderness

court over which a federal district court has original jurisdiction may be removed to the federal district court.

Moreover, this Court must exercise jurisdiction pursuant to the Federal Enclave Doctrine predicated on the United State Constitution. Article I, § 8, cl. 17 of "[t]he Constitution empowers Congress to exclusively regulate properties acquired from state governments." *Allison v. Boeing Laser Tech. Servs.*, 689 F. 3d 1234, 1236 (10th Cir. 2012); *Kleppe v. New Mexico*, 426 U.S. 529, 542 (1976). Article I, § 8, cl. 17 provides that Congress has power "[t]o exercise exclusive Legislation… over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." *Paul v. United States*, 371 U.S. 245, 264 (1963). Under the federal enclave doctrine, "Congress has exclusive legislative authority over these enclaves." *Allison*, 689 F.3d at 1237. "When Congress legislates with respect to the District of Columbia and federal enclaves it acts as a state government with all the powers of a state government, and thus Congress acts as a state government with total legislative, executive and judicial power." *Id.* (internal quotations omitted).

This court has original jurisdiction over the claims and removal is proper because the Organ Mountain Wilderness Area and Organ Mountain Desert Peaks National Monument is federal-owned property under the management of the BLM. The State of New Mexico conveyed the Baylor Canyon Trail and trailhead and surrounding property to the United States government via a Quit Claim Deed on April 7, 1970, filed in the Dona Ana County deed records on April 8, 1970, at Book 209, Page 52-52, Reception No. 1941, pursuant to 42 U.S.C. 315g (1962) of the Taylor Grazing Act of 1934 ("Grazing Act"). The Grazing Act was subsequently replaced by the Federal Land Policy and Management Act of 1976 in 43 U.S.C. §§ 1701 – to – 1787 (1976). 43 U.S.C. § 1701 includes a savings clause providing that "public lands be retained in Federal ownership,

unless as a result of the land use planning procedure for in this Act, it is determined that disposal of a particular parcel will serve the national interest." Thus, the location at issue in this lawsuit is a federal enclave where the doctrine applies. *See Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 528 – 529 (1938) (Concerning federal jurisdiction over a tort occurring at Yosemite National Park explaining that "[j]urisdiction obtained by consent or cession may be qualified by agreement or through offer and acceptance or ratification."). Per the federal enclave doctrine, this Court has original jurisdiction over the claims, and removal is proper.

As required by 28 U.S.C. § 1446(a) (2011) and D. N.M. LR-Civ. P 81.1(a), the City has attached the First Amended Complaint as Exhibit 1, the *Notice to State District Court of Removal to Federal District Court* as Exhibit 2 [Doc. 1-2], copies of all pleadings filed in the state action as Exhibit 3 [Doc. 1-3], the First Judicial District Court Docket as Exhibit 4 [Doc. 1-4], and the Civil Cover Sheet as Exhibit 5 [Doc. 1-5].

WHEREFORE, Defendant City of Las Cruces respectfully request that this matter be removed in its entirety from the New Mexico First Judicial District Court to this Court for consideration.

Respectfully submitted,

MYNATT MARTÍNEZ SPRINGER P.C.

/s/ Damian L. Martinez

DAMIAN L. MARTÍNEZ
New Mexico Bar No. 14678
dlm@mmslawpc.com
HALEY R. GRANT
New Mexico Bar No. 145671
hrg@mmslawpc.com
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
*Attorneys for Defendant City of Las Cruces*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August 2022, I served a true and correct copy of the foregoing on the following via the Odyssey File and Serve System and electronic mail:

McGRAW & ASSOCIATES LLC
Mollie C. McGraw
Mollie@lawfirmnm.com

Amanda S. Carmody
Amanda@lawfirmnm.com

NEW MEXICO COUNTIES
Brandon Huss
BHuss@NewMexicoCounties.org

David Roman
DRoman@NewMexicoCounties.org

LAW OFFICE OF MICHAEL DICKMAN
Michael Dickman
MikeDickman@yahoo.com

NEW MEXICO MUNICIPAL LEAGUE
Clinton Nicley
CNicley@nmml.org

_____
DAMIAN L. MARTÍNEZ