**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**KATE FERLIC, as the Personal Representative of the
Wrongful Death Estate of ISAAC BREALEY-ROOD, a
deceased minor; CARISSA BREALEY, individually, and as
the Guardian and Next of Friend of K.B.R., a minor; JAMES
ROOD, individually; and AIDAN BREALEY-ROOD,
Individually,**

      **Plaintiffs,**

**v.**                                  **Case No. 2:22-CV-00633 GJF/KRS**

**MESILLA VALLEY REGIONAL DISPATCH AUTHORITY;
DANIEL GUTIERREZ, DAVID WOODWARD, and QUINN
PATTERSON, Individually and as Mesilla Valley Regional
Dispatch officers and employees; DONA ANA COUNTY
BOARD OF COUNTY COMMISSIONERS; ARTURO
HERRERA, individually and as Dona Ana County officer
and employee; ADRIAN HERRERA, individually and as Dona
Ana County officer and employee; NEW MEXICO DEPARTMENT OF PUBLIC
SAFETY; and CITY OF LAS CRUCES,**

      **Defendants.**

**DEFENDANTS DONA ANA COUNTY BOARD OF COUNTY COMMISSIONERS,
ARTURO HERRERA, AND ADRIAN HERRERA'S MOTION TO DISMISS IN LIEU OF
ANSWER[1]**

NOW COME Defendants, the Dona Ana County Board of County Commissioners[2], Arturo

Herrera, and Adrian Herrera (herein "County Defendants") by and through their undersigned

counsel of record, The New Mexico Association of Counties (Brandon Huss and David Roman),

---

[1] By filing this motion, the Defendants-Movants consent to federal jurisdiction and the removal of this action to this
Court; however, the Defendants do not waive any issue related to the improper venue in which the underlying state
court action was filed. Dona Ana County defendants may only be sued in Dona Ana County under the New Mexico
Tort Claims Act and the state venue statutes.
[2] The Board is improperly named; see NMSA 4-46-1.

and hereby respectfully move this Court for an Order dismissing all claims against them pursuant to Fed. R. Civ. P. 12(b)(6).[3]

## INTRODUCTION

Plaintiffs' First Amended Complaint (FAC) does not plead any plausible claims against the Dona Ana County Defendants (Board, Adrian Herrera, and Arturo Herrera). Plaintiffs have not pled plausible claims that the individual defendants were law enforcement officers or that they negligently operated any equipment or vehicle. As the FAC fails to establish any plausible claim against any County defendant, the movants respectfully request this Court dismiss them from this action, with prejudice.

## ARGUMENT

Under Rule 12(b)(6), the Court reviews the allegations for plausibility; specifically, the Court queries whether enough facts have been pled to state a plausible claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The "plaintiff must plead that each Government-official defendant, through his own individual actions, has violated the Constitution." *Ashcroft v Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).

> If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement. If it omits some necessary facts, however, it may still suffice so long as the court can plausibly infer the necessary unarticulated assumptions. But if the complaint is sufficiently devoid of facts necessary to establish liability that it encompasses a wide swath of conduct, much of it

---

[3] Movant brings this Motion pursuant to Rule 12(b)(6) and, therefore, reserves the right to state all available affirmative defenses in a subsequent answer or motion, should one become necessary. However, out of an abundance of caution, County Defendants state the following possible affirmative defenses: Plaintiffs have failed to state a claim under which relief may be granted; County Defendants' actions do not rise to the level of any contractual, statutory, constitutional or other deprivations or breach of Plaintiffs' rights; County Defendants' actions do not shock the conscience of the Court; Plaintiffs' claims are barred by estoppel, laches, and the doctrine of extraordinary circumstances; Plaintiffs' claims are barred as a matter of law; Plaintiffs' claims fail to state an applicable waiver of immunity under the New Mexico Tort Claims Act; Plaintiffs' claims are barred in full by the Federal Enclave Doctrine; Plaintiffs have failed to name a necessary and indispensable party; and Plaintiffs' claims are barred by the statute of limitations. County Defendants reserve the right to rely on other defenses as they become known during discovery and do not knowingly waive any defenses.

> innocent, a court must conclude that plaintiffs have not nudged their claims across the line from conceivable to plausible. Plaintiffs thus omit important factual material at their peril. While a complaint must be short and plain, it must also show not merely assert that relief is appropriate if it is true. Thus, despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.
>
> ***
>
> This pleading requirement serves two purposes. First, it ensures that defendants know the actual grounds of the claim against them, and can therefore prepare a defense. Second, it avoids ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim. The latter concern is especially pertinent in [] immunity cases, where the very purpose of interlocutory appeal is to spare official defendants from the ordeal of discovery if the complaint fails to allege a constitutional violation…

*Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)(internal citation removed) (discussing qualified immunity).

In reviewing the plausibility of a complaint, the Court assumes the truth of all well-pleaded facts and draws reasonable inferences therefrom in the light most favorable to the plaintiff. *See Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See Iqbal*, 556 U.S. at 678.

In addition, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.2009)(quotation marks and citation omitted), cert. denied, 130 S.Ct. 1142, (2010). The Supreme Court has clarified the Rule 12 standard, stating that "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Id.* at 1247 (quoting *Twombly*, 550 U.S. at 570.

3

Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, so that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." *Smith*, 561 F.3d at 1098. Therefore, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Vague and conclusory allegations will not sustain a claim under Rule 12 and *Iqbal*. *See Gee v. Pacheco,* 627 F.3d 1178 (10th Cir. 2010) "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has merely made an allegation, "but it has not shown that the pleader is entitled to relief." *Iqbal* at 1950 (emphasis added) (alteration, quotation marks, and citation omitted).  Significantly for this case, the Tenth Circuit has recognized that the aforementioned federal pleading standards apply to state law claims, even when the case has been removed to the federal court. *See, e.g., Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 972 n. 13 (10th Cir. 2021).

## I.     PLAINTIFFS HAVE MADE NO SUBSTANTIVE FACT ALLEGATIONS AGAINST DEFENDANT ADRIAN HERRERA.

A review of the allegations against Defendant Adrian Herrera reveals that that there are essentially no fact allegations from which the Court could glean a plausible claim. In paragraph 19 of the First Amended Complaint (FAC), Adrian is identified as a Fire Prevention Specialist. Paragraph 20 makes the unsupported conclusory statement that Adrian was a law enforcement officer. He is not mentioned again until paragraph 119 of the FAC where it is noted that he arrived on scene at 11:00 a.m. Then, Plaintiffs are silent about Adrian until the formulaic recitations of

claims contained in Count III of the FAC. Ironically, the primary allegations contained in Count III are actually contradicted by Plaintiffs' earlier fact claims. Specifically, Plaintiffs allege in paragraph 178 that

> Defendants Arturo Herrera (1773) and Adrian Herrera (1775) breached their duty by negligently and recklessly responding to a medical emergency for which they were not qualified, twice canceling an ambulance for Isaac Brealey-Rood before arriving on scene, not contacting Carissa Brealey directly on her cell phone, and not walking or running up the trail to administer aid to Isaac Brealey Rood.

Not only does that allegation run afoul of the Tenth Circuit's requirement that allegations against individual capacity defendants be separated so that the claims against each defendant may be subjected to plausibility analysis, but they are contradicted by Plaintiffs' fact assertions earlier that it was Arturro Herrera that canceled the AMR Ambulance. Because Plaintiffs have not alleged anything material against Defendant Adrian Herrera, he should be dismissed from this action.

## II.  PLAINTIFFS HAVE NOT PLED FACT ALLEGATIONS TO SUPPORT THE LEGAL CONCLUSION THAT DEFENDANTS HERRERA AND HERRERA ARE LAW ENFORCEMENT OFFICERS.

With respect to the claims against both Herrera defendants, Arturo and Adrian, Plaintiffs have not pled a viable claim under the New Mexico Tort Claims Act. At the time of this incident, 41-4-12 read:

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights, failure to comply with duties established pursuant to statute or law or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties. For purposes of this section, "law enforcement officer" means a public officer vested by law with the power to maintain order, to make arrests for crime or to detain

persons suspected of committing a crime, whether that duty extends
to all crimes or is limited to specific crimes.

NMSA § 41-4-12 (May 2020).

At the same time, NMSA 41-4-3(D) stated:

"law enforcement officer" means a full-time salaried public
employee of a governmental entity, or a certified part-time salaried
police officer employed by a governmental entity, whose principal
duties under law are to hold in custody any person accused of a
criminal offense, to maintain public order or to make arrests for
crimes, or members of the national guard when called to active duty
by the governor;

The absence of any fact which would meet any portion of the test is fatal to all law
enforcement waiver based claims. *See generally Johnson ex rel. Est. of Cano v. Holmes*, 377 F.
Supp. 2d 1069, 1082 (D.N.M. 2004), aff'd, 455 F.3d 1133 (10th Cir. 2006). As such, sections IV,
VII, X, XI, XII, and any portion of Count III that relies on the law enforcement waiver fail as a
matter of law and must be dismissed.

### a. NEGLIGENT SUPERVISION ONLY APPLIES TO LAW ENFORCEMENT OFFICERS.

The NMTCA does not bar a plaintiff from asserting a claim against "supervisory
defendants for negligent supervision and training." *Ortiz v. New Mexico State Police*, 1991-
NMCA-031, ¶ 14, 814 P.2d 117, 120. However, negligent training and supervision claims in New
Mexico are still subject to the immunity granted to governmental entities and employees as
follows:

Unlike the federal remedy provided by § 1983, the NMTCA waives immunity from
liability for supervisory law enforcement officers whose negligent training or
supervision of their subordinates was a proximate cause of one of the torts specified
at Section 41-4-12. *See Ortiz v. New Mexico State Police*, 112 N.M. 249, 251 (N.M.
Ct. App. 1991) ("[i]t suffices that the law enforcement officer, while acting within
the scope of duty, negligently or intentionally causes the commission of a listed tort
by another person."; *see also, Weinstein v. City of Santa Fe ex rel. Santa Fe Police*

6

*Dept.*, 121 N.M. 646, 653 (N.M. 1996). "[I]mmunity is not waived for negligent training and supervision standing alone; such negligence must cause a specified tort or violation of rights." *McDermitt v. Corrections Corp. of America*, 112 N.M. 247, 248 (N.M. Ct. App. 1991).

*Monarque v. City of Rio Rancho*, No. 1:11-CV-00135-MV-KBM, 2012 WL 12949720, at *9 (D.N.M. Jan. 23, 2012). Thus, although "a law enforcement officer need not personally commit a listed tort for the officer's conduct to come within the waiver of Section 41-4-12," to survive a negligent training or supervision claim, Plaintiffs must show that "the law enforcement officer, while acting within the scope of duty, negligently or intentionally cause[d] the commission of a listed tort by another person." *Ortiz*, ¶ 4, 814 P.2d at 119. In other words, a supervisory defendant's negligent training or supervisory actions must have caused the commission of a listed tort by another law enforcement officer.

Plaintiffs make no factual assertions to support a claim of negligent training and supervision. Plaintiffs merely allege legal conclusions and formulaic recitations in Count IV of the Complaint. Plaintiffs do not present any factual assertions to support the claim that a County Defendant's failure to train and/or supervise its employees caused any of its employees to commit an enumerated tort under to NMSA 1978, § 41-4-12; thus, Count IV must be dismissed because Plaintiffs have not pled a plausible claim that the Herrera defendants were law enforcement officers and have not pled a plausible claim that any defective supervision or policy caused waived conduct under 41-4-12.

### b.  SPOILATION ONLY APPLIES TO LAW ENFORCEMENT OFFICERS.

In 2020, the New Mexico Legislature amended 41-4-12 to include the torts of intentional or negligent spoliation. The amendment and new waivers illustrate that the torts were not previously waived. *See Gutierrez v. W. Las Vegas Sch. Dist.*, 2002-NMCA-068, ¶ 15, 132 N.M. 372, 374 ("The Legislature is presumed to know existing statutory law and to take that law into

consideration when enacting new law."). If spoliation was previously a waived tort, there would be no reason for the legislature to have amended the statute. *See also Escobar et al v. Las Cruces Public School District* (DNM 10/30/2008 Brack) (explaining that spoliation is not waived under 41-4-6); *see also Han-Noggle v. City of Albuquerque*, 2019 WL 5096073, at *4 (N.M. Ct. App. Sept. 10, 2019, ¶¶21-23), *reh'g denied* (Oct. 9, 2019), *cert. denied*, *Han-Noggle v. City of Albuquerque*, 2019-NMCERT-012, ¶ 21 (recognizing that negligent or intentional spoliation are not waived torts under the NMTCA as it existed at the time).

As such, the tort of spoliation is only waived if the defendants were law enforcement officers. For the reasons expressed above, Plaintiffs have not pled a plausible claim that Arturo or Adrian are law enforcement officers under the NMTCA. Therefore, the claim of spoliation (Count VII) must be dismissed.

### III.   THERE IS NO WAIVER FOR THE NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

In Counts X and XI, Plaintiffs make a claim against unspecified defendants for the negligent or intentional infliction of emotional distress. Plaintiffs do not explain how the elements of negligent or intentional infliction are met with respect to any defendant, especially with respect to any County Defendant. That flaw alone is a sufficient basis to dismiss. However, this District has also recognized that negligent and intentional infliction of emotional distress are not waived torts under the NMTCA. *See Williams v. Bd. of Regents of U. of New Mexico*, 20 F. Supp. 3d 1177, 1194 (D.N.M. 2014). Because Plaintiffs have not pled the elements of the non-waived torts, the Court must dismiss Count X and XI of the Complaint with respect to County Defendants.

IV.     **PLAINTIFFS HAVE NOT PLED ANY FACT FROM WHICH THE COURT COULD FIND A PLAUSIBLE CLAIM THAT ANY COUNTY DEFENDANT NEGLIGENTLY OPERATED A VEHICLE OR EQUIPMENT.**

Plaintiffs have included fleeting references to the NMTCA waivers for the negligent operation of a vehicle or for the negligent use of equipment. *See* FAC at ¶30, 31, and 179. However, the FAC is devoid of any fact allegations explaining how the Board, Adrian, or Arturo negligently operated a vehicle or any equipment. New Mexico Courts have explained that waiver for the operation of a motor vehicle generally requires some error in the physical operation of the vehicle. *See Chee Owens v. Leavitts Freight Serv.*, 1987-NMCA-037, ¶ 9, 106 N.M. 512 (citing several out of state cases defining operation of a vehicle as the "physical operation involving manipulation of a vehicles controls to propel the vehicle") (citations and internal quotations omitted). The same would be true for the use of equipment. Immunity for negligently made administrative decisions is simply not waived by any provision within the NMTCA. *See Archibeque v. Moya*, 1993-NMSC-079, ¶¶ 8, 14, 116 N.M. 616; *See also Upton v. Clovis Mun. Sch. Dist.*, 2006-NMSC-040, ¶¶ 16-20, N.M. 205. New Mexico case law construes that the term "operation" narrowly based on the intent of the NMTCA to protect government entities from potentially limitless liability. *See Archibeque v. Moya*, 1993-NMSC-079, ¶ 14, 116 N.M. 615, *See also Lessen v. City of Albuquerque*, 2008-NMCA-085, ¶ 17, 144 N.M. 314, *see also Gallegos v. Trujillo*, 1992-NMCA-090, ¶¶ 18-20, 114 N.M. 435.

The FAC is silent as to how any County Defendant negligently operated a vehicle or equipment. Thus, the remaining portion of Count III must be dismissed.

V.     **CONSORTIUM IS NOT A CAUSE OF ACTION.**

Plaintiffs' loss of consortium claim may be a viable derivative claim, if there were an underlying waiver of immunity under the NMTCA; however, as explained above, there is no such waiver here. Thus, in order to state a viable consortium claim against a governmental entity or its

employees, a plaintiff must plead a viable waiver of immunity. Here, the absence of any viable waiver against the Herrera defendants or the Board precludes the separate consortium claim. Thus, if the Court dismisses the Board, Adrian Herrera, and Arturo Herrera from the above referenced claims, then the consortium claim must be dismissed as well.

## CONCLUSION

Plaintiffs have not pled a plausible claim against Adrian Herrera, Arturo Herrera, or the Board of County Commissioners. Adrian and Arturo are not law enforcement officers and Plaintiffs have not pled a plausible claim that they are. Similarly, there are no plausible claims that they negligently operated a vehicle or equipment in this case. Thus, all of the claims in the FAC fail against all County Defendants, and Arturo Herrera, Adrian Herrera, and the Board should be dismissed from this suit, with prejudice.

WHEREFORE, the County Defendant respectfully requests this Court issue an Order dismissing the above claims against with them Prejudice

Respectfully submitted,

NEW MEXICO ASSOCIATION OF COUNTIES
*/s/ Brandon Huss*
BRANDON HUSS
DAVID ROMAN
601 Rio Grande Blvd. NW
Albuquerque, NM   87104
(505) 820-8116
bhuss@nmcounties.org
droman@nmcounties.org
*Attorneys for County Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2022, I caused a true and correct copy of the foregoing to be filed electronically through the New Mexico electronic filing system, which caused all counsel of record to be served, as noted on the notice of electronic filing.

*/s/ Brandon Huss*
Brandon Huss

11