IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATE FERLIC, as the Personal Representative of the
Wrongful Death Estate of ISAAC BREALEY-ROOD,
a deceased minor; CARISSA BREALEY, individually,
and as the Guardian and Next Friend of K.B.R., a minor;
JAMES ROOD, individually; and AIDAN BREALEY-ROOD,
individually,

      Plaintiffs,

v.                                                                                  Civ. Case No. 2:22-633 DHU/KRS

MESILLA VALLEY REGIONAL DISPATCH AUTHORITY;
DANIEL GUTIERREZ, DAVID WOODWARD, and
QUINN PATTERSON, individually and as Mesilla Valley
Regional Dispatch officers and employees; DONA ANA COUNTY
BOARD OF COUNTY COMMISSIONERS; ARTURO HERRERA
and ADRIAN HERRERA, individually and as Dona Ana County
officers and employees; NEW MEXICO DEPARTMENT
OF PUBLIC SAFETY; and CITY OF LAS CRUCES,

      Defendants.

## ORDER GRANTING MOTION TO STAY PROCEEDINGS

THIS MATTER is before the Court on Defendant New Mexico Department of Public Safety's Opposed Motion for Stay of Discovery, (Doc. 14), filed September 9, 2022. Plaintiffs filed a response opposing the Motion for Stay of Discovery on September 23, 2022, and Defendant filed a reply on October 6, 2022. (Docs. 24 and 33). Having considered the parties' briefing, record of the case, and relevant law, the Court grants the Motion for Stay of Discovery.

Plaintiffs bring claims against Defendants for negligence; negligent hiring, supervision, and training; spoliation of evidence; and loss of consortium based on Defendants' actions in response to a medical emergency on Baylor Canyon Pass Trail and trailhead, a hiking trail

located east of the city of Las Cruces in Dona Ana County, New Mexico. (Doc. 1-1).[1] On May 27, 2022, Plaintiffs filed their case in the First Judicial District Court for the State of New Mexico, and on August 25, 2022, Defendant City of Las Cruces removed the case to this Court. (Doc. 1). In response to the Complaint, Defendant City of Las Cruces filed an answer (Doc. 4), Defendant New Mexico Department of Public Safety ("DPS") filed a Motion to Dismiss (Doc. 8), and Defendants Dona Ana County Board of County Commissioners, Aurturo Herrera, and Adrian Herrera also filed a Motion to Dismiss (Doc. 10). Defendants Mesilla Valley Regional Dispatch Authority ("MVRDA"), and MVRDA officers Daniel Gutierrez, David Woodward, and Quinn Patterson have not answered or otherwise responded to Plaintiffs' Complaint. On November 18, 2022, Plaintiffs filed a Notice of Good Cause for Non-Service on the MVRDA Defendants stating those parties are scheduled for a private mediation on December 15-16, 2022, and Plaintiffs will effectuate service of process on them if the mediation is not successful. (Doc. 38).

In its Motion to Stay, Defendant DPS asks the Court to stay all discovery against it, including initial disclosures under Rule 26(a)(1) and discovery requests Plaintiffs have already served on it, pending resolution of its Motion to Dismiss (Doc. 8). (Doc. 14) at 1. DPS argues that a stay is appropriate because its Motion to Dismiss seeks dismissal with prejudice of all claims against it based on sovereign immunity under the New Mexico Tort Claims Act ("NMTCA"). *Id.* DPS states that Plaintiffs served 25 interrogatories, 23 requests for production, and 16 requests for admission when they served their Complaint on DPS. *Id.* at 2. DPS argues

---

[1] On September 28, 2022, Plaintiffs filed a Stipulated Notice of Dismissal of Count X (Negligent Infliction of Emotional Distress) and Count XI (Intentional Infliction of Emotional Distress). (Doc. 26).

2

that the question of its waiver of sovereign immunity under the NMTCA is a jurisdictional issue which should be resolved before Plaintiffs are permitted to seek discovery from DPS. *Id.* at 2-4.

Plaintiffs oppose the Motion to Stay, arguing that more than two years have passed since the date of the incident and Plaintiffs have not been able to obtain incident reports or public records from DPS which would reveal the identities of the New Mexico State Police officers who responded to the trailhead and the DPS dispatcher who handled the emergency call. (Doc. 24) at 6. Plaintiffs contend there is a significant likelihood that material evidence will be lost if discovery does not proceed because DPS has implied in response to public records act requests that incident reports were not created by the responding officers. *Id.* at 6-7. Plaintiffs state they "will not be able to learn the identity of the officers and other state actors involved in the … incident" because "it is likely that the NMSP officers' memories will fade with time." *Id.* at 8.

It its reply, DPS maintains that a stay is required pending resolution of the issue of sovereign immunity. (Doc. 33) at 1-2. DPS argues that the identities of the responding officers and the dispatcher "are irrelevant to DPS's arguments in its pending Motion to Dismiss, or to the arguments made by Plaintiffs in their already-filed Response to the Motion (Doc. 17)." *Id.* at 3. DPS notes that Plaintiffs have not yet served all Defendants and that DPS only seeks a stay as to DPS and not as to other Defendants. *Id.* at 4.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26, however, allows the Court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A). The moving party bears the burden of demonstrating good cause for the requested protective order. *Benavidez v. Sandia Nat'l*

*Laboratories*, 319 F.R.D. 696, 721 (D.N.M. 2017).  The decision to issue a protective order and stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).

DPS asserts in its Motion to Dismiss that there is no valid waiver of the State of New Mexico's sovereign immunity under the NMTCA for Plaintiffs' claims.  (Doc. 8).  The issue of governmental immunity is jurisdictional.  *See Roybal-Mack v. New Mexico Dept. of Pub. Safety*, 2017 WL 3025921, at *2 (D.N.M.) (citing *Spray v. City of Albuquerque*, 1980-NMSC-028, ¶ 13, 94 N.M. 199, 201, 608 P.2d 511, 513).   The Tenth Circuit has recognized that a stay of discovery may be warranted while an issue of immunity is being resolved.  *See Moore v. Busby*, 92 Fed. Appx. 699, 702 (10th Cir. 2004) (affirming the trial court's stay of discovery pending resolution of the question of immunity); *see also Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("[T]he Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation.") (citation omitted); *Sandoval v. United States*, 2011 WL 3682768, at *2 (D. Colo.) ("Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.  Thus, a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo.) (finding that "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense").  When considering whether to stay discovery, courts have considered five factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See String Cheese Incident*, 2006 WL 894955, at *2.

Considering these factors, the Court finds that a stay of discovery is appropriate pending a ruling on DPS's Motion to Dismiss.  Plaintiffs assert they will be burdened by a stay of discovery because no incident reports were prepared and the memories of the responding officers' and dispatcher will fade with time.  (Doc. 24) at 8.  However, Plaintiffs have served numerous interrogatories, requests for production, and requests for admission on DPS, which far exceed the issue of preserving the memories of the responding officers and dispatcher.  *See* (Doc. 14-1) (Plaintiffs' discovery requests to DPS).  Moreover, Plaintiffs' discovery requests are premature as all defendants have not yet been served and the Court has not issued an initial scheduling order setting a deadline for a Rule 26(f) conference.  *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."); D.N.M. LR-Civ. 26.4(a) ("A party may not seek discovery under these rules or the Federal Rules of Civil Procedure before the parties have conferred as required by Fed. R. Civ. P. 26(f) except by agreement of all parties or by Court order.").[2]  Additionally, DPS's Motion to Dismiss is based on legal arguments and Plaintiffs do not assert they need discovery to respond to the motion.  For these reasons, the Court finds that Plaintiffs have not sufficiently established that they will be prejudiced by a stay of discovery at this time.  *See Maestas v. CHW Group Inc.*, 2019 WL 5549913, *2 (D.N.M.) (finding the plaintiff's assertion that evidence "may" be spoliated is hypothetical and "insufficient to establish even a plausible showing of actual harm").

---

[2] The Court notes that Plaintiffs have also filed a Motion to Disqualify Counsel, (Doc. 16), which may further delay the issuance of an initial scheduling order.

In addition, the Court agrees with DPS that it will be burdened in the absence of a stay. DPS has moved to dismiss all of Plaintiffs' claims against it, so it would be burdensome for DPS to participate in discovery when it may be dismissed entirely from the case, especially in light of the early posture of the case. *See Gilman v. State of New Mexico*, 2020 WL 3489544, at *2 (D.N.M.) (finding the defendant would be burdened by the absence of a stay because it "asserted a total defense to the claims against it and if its Motion to Dismiss is successful, it will be dismissed from the case," and "[i]t will be burdened by spending time and money to respond to discovery requests when it may be dismissed from the case at this early stage"). Therefore, the Court finds the second factor also weighs in favor of a stay.

Addressing the third factor—convenience to the court—the Court will not be inconvenienced by a stay because the case is in its early stages and not all parties have been served. As such, the case is not yet ready for entry of a scheduling order setting discovery deadlines, so staying discovery at this stage is not burdensome. The fourth and fifth factors—the interests of persons not parties to the civil litigation and the public interest—do not weigh heavily in one direction or the other. While the Court is mindful of the need to move cases expeditiously, the Court is equally concerned with efficient use of the parties' and the Court's resources. Given the early posture of the case and the potential dismissal of DPS as a party to the case, the Court will grant the stay of discovery.

Finally, while DPS asks that discovery be stayed only as to DPS, courts have held that the protection afforded by a discovery stay to one defendant may extend to all defendants. In *Iqbal*, the Supreme Court addressed whether discovery for a defendant asserting qualified immunity can be deferred while pretrial proceedings continued for other defendants. The Supreme Court reasoned:

< />

> It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

556 U.S. 662, 685 (2009). Following this reasoning, the Court finds good cause to delay entry of a scheduling order as to all parties until the Motions to Dismiss filed by DPS and the Dona Ana County Defendants, (Docs. 8 and 10), have been resolved, and until the MVRDA Defendants have either been dismissed or entered appearances in the case. If the motions to dismiss are still pending after all parties are in the case, Plaintiffs may file a motion to proceed with discovery as to all Defendants other than DPS for the Court's consideration at that time.

IT IS THEREFORE ORDERED that Defendant New Mexico Department of Public Safety's Opposed Motion for Stay of Discovery, (Doc. 14), is GRANTED and discovery is STAYED in this case until the Motions to Dismiss, (Docs. 8 and 10), have been ruled on and all parties have entered appearances in the case.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE